Wyly, J.,
dissenting. I dissent in this case and reserve the right, to' file my reasons therefor.
Ludeling, C. J.
In this case a rehearing is granted of our own motion, so as to enable us to correct an error in the decree in regard to the exception made in the decree relative to book B., without prejudice to the right of parties to ask for rehearing on the merits, within the legal delay, dating from the original decree.
Restricted rehearing granted exproprio motu.
Howell, J.
Our attention having been called to the fact that “Book No.- 2 B,’’ excepted from the operation of our decree herein, embraced the whole of the area that had been drained under the act of 1839, and was by said act exempted, as contended, from the present assessment— the principal question discussed in our former opinion — we, of our own motion, ordered a restricted rehearing, in order to make our decree conform to the views we expressed on the point, as the exception is in conflict with our conclusion, and was made without understanding, at the time, that this book contained the lands which were alleged to be exempt.
In granting this rehearing, for this limited purpose, we expressly reserved to all parties the right to apply for a rehearing upon the merits. No one, except the estate of Davidson, has applied for a rehearing.
The grounds upon which this application of the estate of Davidson is based, are the same upon which we expressed our opinion on the first hearing, and we are not convinced that we erred and can not grant a rehearing thereon.
As to the correction of our decree it follows as a matter of course.
It is therefore ordered that the rehearing asked for by the estate of Davidson be refused, and it is further ordered that our decree herein be amended by striking therefrom the phrase “ except that portion designated as ‘Book-No. 2, B; ’ ” that the said portion of the assessment roll be embraced in this judgment of homologation, and as thus amended the said decree remain undisturbed.
Rehearing refused on the merits.